UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEEMIC INSURANCE CO.,
as subrogee of Brenda Grant,

      Plaintiff,

v.

SHENZHEN LIANCHENG WEIYE
INDUSTRIAL CO., LTD.,

      Defendant.
_____/

Case No. 2:23-cv-11679

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 15) AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiff Meemic Insurance Company filed this product-liability action on July 13, 2023, as subrogee to its insured, Brenda Grant, after it paid Grant's claim for damages arising out of a house fire allegedly caused by a defective rechargeable battery manufactured by Defendant Shenzhen Liancheng Weiye Industrial Co. Ltd., a Chinese corporation. *See* ECF No. 1. Shenzhen has not answered or in any way responded. On January 8, 2025, Meemic obtained a clerk's entry of default. ECF No. 14. Thus, Meemic now requests that a default judgment in the amount of $79,585.71 be entered against Shenzhen. ECF No. 15.

Under Civil Rule 55(b), courts may enter a default judgment after the clerk's entry of default. In deciding whether to enter a default judgment, courts should

consider: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

Here, the *Russell* factors weigh in favor of entering the default judgment. To start, not entering the default judgment would prejudice Meemic, which has made reasonable efforts to litigate its claims and to alert Shenzhen of this action. *See* ECF No. 13 at PageID.245–46 (detailing those efforts). Further, the complaint is well pleaded—alleging that an investigation revealed the house fire's cause to be a defective battery manufactured by Shenzhen. ECF No. 1 at PageID.3. This indicates that Meemic could have succeeded on the merits of its product-liability claim. Also, the amount of money at stake, $79,585.71, is not unreasonably high, especially for a corporate defendant. And although Shenzhen might dispute certain material facts and there is a preference for decisions on the merits, Shenzhen has failed to respond or otherwise defend. Finally, because Meemic attempted to serve Shenzhen in full compliance with the Hague Service Convention, *see* ECF No. 13, Shenzhen's failure is less likely to be due to excusable neglect. This Court is also satisfied by the damages calculation provided by Meemic, which is supported by the affidavit of one

of its subrogation specialists. *See* ECF No. 15-1. For these reasons, default judgment is appropriate.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Entry of Default Judgment, ECF No. 15, is **GRANTED**.

Default judgment is **ENTERED** against Defendant in the amount of $79,585.71.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 23, 2025