# UNITED STATES DISTRICT COURT

# IN THE EASTERN DISTRICT OF MICHIGAN

MEEMIC INSURANCE COMPANY,
as subrogee of Brenda Grant,

    Plaintiff,　　　　　　　　　　　　　　Case No. 2:23-cv-11679

v　　　　　　　　　　　　　　　　　　　　Hon. Susan K. DeClercq

SHENZHEN LIANCHENG WEIYE INDUSTRIAL COMPANY,

    Defendant.

---

Andy J. VanBronkhorst (P72095)
HEWSON & VAN HELLEMONT, P.C.
*Attorneys for Meemic*
625 Kenmoor Ave., S.E., Ste. 304
Grand Rapids, MI 49546
(616) 949-5700 / (616) 949-5704 (Fax)
Email: ajv@vanhewpc.com
kwhite@vanhewpc.com (assistant)

---

**MEEMIC'S BRIEF IN SUPPORT MOTION FOR LEAVE TO SERVE VIA EMAIL AND TO AMEND COMPLAINT**

### This motion presents the court with two questions:

1. In its original complaint, Meemic named Shenzhen Liancheng Weiye Industrial Company as defendant. Only after a judgment was entered against that company did Meemic learn from Amazon.com that the name of the relevant Amazon seller was "shenzhenshizhixinchengjinshupeijianyouxiangongsi." Should the court allow Meemic to amend the complaint to name that company as defendant?

2.  Under Federal Court Rules of Civil Procedure 4(f), this court can allow service of process via email if that method is reasonably calculated to provide the defendant notice of the claim. Here, the company or person named shenzhenshizhixinchengjinshupeijianyouxiangongsi told Amazon.com that its email address was renben_usa@163.com. Meemic's counsel confirmed that this is a functioning email address that accepts emails. Meemic asks the court to allow it to serve that company or person via email at that address.

## M OST APPROPRIATE CONTROLLING AUTHORITY:

The most controlling authority for the motion to amend is Federal Rules of Civil Procedure 15(a)(2).

The most controlling authority for the motion for alternate (email) service is Federal Rules of Civil Procedure 4(f)(3). A recent opinion relying on that court rule to allow email service upon Chinese defendants from:

- *Binzhiyuan (Hong Kong) Paper Prods. v. Changbin Xi*, No. 25-10716, 2025 U.S. Dist. LEXIS 53026, at *1 (E.D. Mich. Mar. 20, 2025).

## LAW AND ARGUMENT:

**1.     This court should grant Meemic leave to amend.**

Under Fed Rules Civ Proc R 15(2), this court has broad authority to allow plaintiffs to amend complaints, and plaintiffs are generally allowed amendments. The court rule states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, Meemic desires to amend the existing complaint, rather than file a new action, because (1) the claim against the newly added defendant arises from the same transaction or occurrence, and (2) this court is well aware, in this action, of the difficulty and time that it takes to serve process in China under the Hague, so Meemic desires that this court evaluate the motion to serve via email in this pending action, rather than a newly filed action against this new defendant.

**2.     This court should grant Meemic's request for email service.**

The Federal Rules of Civil Procedure Rule 4(f) states:

(f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international

agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
(C) unless prohibited by the foreign country's law, by:
(i) delivering a copy of the summons and of the complaint to the individual personally; or
(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders.

Here, Meemic asks for alternate service under subsection (3). Many courts "have consistently found that there is not a hierarchy among the subsections of Rule 4(f)." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013). And, while there is not unanimous agreement in all federal distirc courts about the law,[1] many federal courts will allow plaintiffs to serve Chinese defendants via email. Indeed this court has allowed alternate service via email. A recent opinion from this court, allowing service upon Chinese defendants via email, is the 2025 opinion of Judge Levy in *Binzhiyuan (Hong Kong) Paper Prods. v. Changbin Xi*, 2025 U.S. Dist. LEXIS 53026, at *1 (E.D. Mich. Mar. 20, 2025). The Court in *Binzhiyuan* allowed service through email for four reasons: First, service by email is not prohibited by the Hague Service Convention; second, plaintiff's counsel had communicated to one of the Chinese defendants via email;

---

[1] For a recent opinion listing the conflicting opinions, see *Sophia Parker Studios, Inc. v. Temperley*, No. 1:24-cv-02086-PAB, 2025 U.S. Dist. LEXIS 18486, at *16 (N.D. Ohio Feb. 3, 2025).

third, plaintiff questioned whether the physical address of defendant was accurate; and fourth, the defendants conducted their business online.

Here, the factors likewise weigh in favor of email service. First, the requested service is not prohibited because, like in *Binzhiyuan*, Meemic asks for email upon a Chinese defendant.

Second, there is strong indicia that the email address is correct. Meemic's counsel has emailed the address and received confirmation that the email was received at a valid address. Further, this email address is the very same email address that defendant provided to Amazon. This shows that it is the way this defendant desires to communicate with Amazon about its Amazon transactions—and this action involves a defective product that Meemic's insured purchased from defendant on Amazon.

Third, Meemic only has the name of the defendant as "shenzhenshizhixinchengjinshupeijianyouxiangongsi." This name is sufficient for purposes of obtaining a judgment against that person or company—Meemic knows this because this is the name Amazon provided as the name of the seller, and Meemic's collection efforts will start and end with a writ of garnishment Amazon, who will recognize and honor that garnishment under that name. But that name: "shenzhenshizhixinchengjinshupeijianyouxiangongsi" does not appear to be an actual formal name of any entity or person. And because of that, Meemic doubts

that the Chinese Ministry will actually serve the defendant if Meemic attempts service under the Hague Service Convention. And as this Court knows, service under the Hague in China is slow and ineffective to begin with. Meemic believes (and argues here) that the best way to actually provide defendant with notice of this action is via this email address.

And fourth, like the defendant in *Binzhiyuan*, the defendant here does business online. Online sellers communicate with their customers via email—that is how this defendant does business in the United States, so that is how this court should permit Meemic to serve it.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

Date: May 15, 2025          By: _____
Andy VanBronkhorst (P72095)
*Attorney for Plaintiff Meemic*
BUSINESS ADDRESS:
625 Kenmoor Ave., S.E., Ste. 304
Grand Rapids, MI  49546
(616) 949-5700